IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ROBERT STACEY HILLARD,** | **CASE NO. 4:12CV3186** |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| **DENNIS BAKEWELL, Warden, and NELS SORENSON, Sheriff of Jefferson County, NE,** | |
| Respondents. | |

This matter is before the court on its own motion. Robert Hillard filed a Petition for Writ of Habeas Corpus on August 31, 2012, in which he essentially alleges that the State of Nebraska has improperly calculated his release date in violation of his federal due process rights. (Filing No. 1.) Respondents argue in their Motion for Summary Judgment that the State of Nebraska has properly calculated Hillard's release date, and that he is not being held beyond it. (Filing No. 14.) In support of their motion, they filed evidence reflecting, among other things, the calculation of the good time Hillard has lost through the Department of Correctional Services's disciplinary system. (*See generally* Filing No. 15.) In addition, Respondents set forth that Hillard's release date is currently set for August 19, 2013. (Filing No. 14 at CM/ECF p. 4.)

Respondents' arguments in support of their Motion for Summary Judgment are well taken. However, the court is reluctant to address whether the State of Nebraska's calculation of Hillard's release date denies Hillard due process of law where it appears from the record that Hillard has not presented the substance of this claim to Nebraska's state courts. Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his

or her federal habeas claims to the appropriate state courts. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011), (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). The fair-presentment requirement exists so that the respective state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Murphy*, 652 F.3d at 849, (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

IT IS THEREFORE ORDERED that:

1. Respondents shall have 30 days to provide additional briefing and state-court records on the issue of whether Hillard has completed the necessary exhaustion of state court remedies;

2. No later than 30 days after the filing of Respondents' brief, Hillard shall file and serve a reply brief; and

3. The clerk's office is directed to set a pro se case management deadline in this matter using the following text: July 16, 2013: Deadline for the parties to submit additional briefing.

DATED this 16th day of May, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.